# Berkheimer *versus* Geise *et al.*, Administrators of Geise.

1. Payment of money into court is an admission of record that the amount brought in is due and owing to the plaintiff.

2. Under a plea of tender, followed by payment of the amount tendered into court, an award of arbitrators in favor of the plaintiff, even for a less amount, imports a finding against the tender.

3. In an action by B. against G., the latter pleaded tender and paid $200 into court under a rule; afterwards arbitrators made an award in favor of the plaintiff "of $158.40 and costs," whereupon the court below made an order that the defendant be allowed to take out of court the excess of the $200 over the award and costs to the time of payment into court. *Held*, that such order was erroneous.

May 4th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas of *York county:* Of May Term 1876, No. 49.

Assumpsit by John Berkheimer against Solomon and Daniel Geise, administrators of John Geise, for services rendered to him during his last illness, and for services at his funeral.

[Berkheimer v. Geise.]

The *narr.*, filed on December 22d 1874, contained the common counts; February 4th 1875, the defendant pleaded, among other pleas, tender before suit brought; and on the same day obtained a rule on the plaintiff to show cause why the defendants should not be permitted to pay into court the sum of $200, legal tender money, being the amount which the defendants admit to be due to the plaintiff, and tendered to plaintiff by defendants before suit brought. This rule was made absolute, and the $200 was paid into court the same day. Arbitrators were chosen under a rule taken by the plaintiff, who on May 20th 1875, made the following award: "We find in favor of the plaintiff, and against the defendants, the sum of $158.40 with costs."

On the same day the plaintiff's bill of costs, amounting to $126.30, was filed.

It does not clearly appear whether the question of tender before suit was raised before the arbitrators or not. The plaintiff in error alleged that it was fully heard by them, and found against the defendant, while the defendant in error alleged that the fact of a tender before suit was taken for granted at the hearing, and that there was no controversy in regard to the subject. The evidence taken before the arbitrators did not appear on the paper-books. The rule to pay the $200 into court and the affidavit upon which the following rules were taken were both based upon the fact of a tender before suit.

Upon a later day, the court granted the following rules upon the plaintiff:—

1. Why judgment should not be entered on said award without costs.

2. Why said award should not be set aside so far as the same relates to costs of suit.

3. Why judgment should not be entered on said award for defendants.

4. Why the money paid into court should not be impounded to answer the defendants' costs in this suit.

5. Why the amount of money paid into court over and above the amount found by the arbitrators to be due to plaintiff should not be impounded to answer the defendants' costs incurred in said suit.

And further ordered and directed all proceedings on the award to stay in the meantime.

Afterwards, on the 15th day of December 1875, the court (Mc-Lean, P. J.), after argument, directed that the prothonotary tax the costs in this case up to the 4th day of February 1875, and that judgment be entered in favor of the plaintiff for the amount of the award of the arbitrators, with costs of suit incurred up to said 4th day of February 1875, and that the defendants take out of court the balance of the money paid into the same after deducting said debt and costs.

No other disposition was made of the above rules.

1 NORRIS—5

[Berkheimer *v.* Geise.]

The plaintiff thereupon took this writ of error, assigning for error, that,

1. The court erred in directing judgment to be entered in favor of the plaintiff for the amount of the award, with costs of suit incurred up to February 4th 1875.

2. The court erred in ordering the defendants to take out of court the balance of the money paid into the same after deducting said debt and costs.

3. The court erred in not entering judgment for plaintiff on the award of the arbitrators, with full costs of suit. ·

*H. L. Fisher*, for plaintiff in error.—The award of the arbitrators was for the plaintiff, and purported a finding against the fact of tender : Wheeler *v.* Woodward, 16 P. F. Smith 158. The defendants, after placing themselves upon the Act of 1705, and having failed in proving a tender, sought to rely upon the common-law practice of paying money into court (after suit brought) ; but to do this, they ought to have paid costs up to the time of payment into court, which, in this case, they did not do : Harvey *v.* Hackley, 6 Wright 265. Payment into court, irregularly made, cannot be recognised : Harvey *v.* Hackley, *supra ;* Thompson *v.* White, 4 S. & R. 141. The defendants relied upon proof of a tender before suit, and having failed in this their remedy was by appeal. In any case payment into court is an acknowledgment of the plaintiff's right to recover the entire amount so paid.

*L. Maish* and *J. Blackford*, for defendants in error.—There was no ˙conflict of evidence before the arbitrators as to tender before suit. The tender was made before suit under the Act of 1705, 1 Br. Purd. 488, pl. 2. The defendants having made a tender before suit are not liable for costs : Weidermuth *v.* High, 5 Rawle 321 ; Leutz *v.* Stroh, 6 S. & R. 39 ; Lewis *v.* England, 4 Binn. 5. They pursued the proper practice under the Act of 1705 ; Cornell *v.* Green, 10 S. & R. 17 ; Seibert *v.* Kline, 1 Barr 38 ; Sheridine *v.* Gaul, 2 Dallas 190. Their remedy was not by appeal : Sheets *v.* Rudebaugh, 2 Rawle 149 ; Fitzsimmon *v.* Leckey, 2 P. & W. 112. To be correct in form the award should perhaps have been for defendants ; but this informality of the award cannot prejudice the rights of the defendants, who have met the requirements of the statute and the practice under it. Harvey *v.* Hackley only decided that payment into court under a plea of tender is irregular when done without a rule. Even supposing there was not a tender before suit, still payment into court of $200, which is more than the amount of the award and the costs to the time of payment into court, should relieve the defendants from subsequent costs.

The judgment of the Supreme Court was entered, May 15th 1876,

[Berkheimer *v.* Geise.]

PER CURIAM.—It is said that the practice of paying money into court in cases where no tender had been made before suit, originated in the time of Charles the Second, when Kelynge was Chief Justice, to avoid the hazard and difficulty of pleading and proving a tender : 1 Tidd's Practice, 4 Am. ed., by Fish, 619 ; 1 Penna. Practice by Fish, part 1, 436. It is well settled under this practice that the payment into court must be under a rule of the court, and that the money paid in is admitted to belong to the plaintiff, and in no event can be recovered and paid back to the defendant, even though the plaintiff goes on to a trial to recover a greater sum : 1 Tidd 619 ; 1 Penna. Pr. 436. At the time of bringing the money into court the defendant is bound also to pay costs up to that time. When that is done, if the plaintiff recover no greater sum than that brought into court, he cannot recover costs. Though analogous, this practice is not on the same footing as a tender before suit brought, followed by bringing the money into court under a rule. Yet in each case the money brought in is admitted to be due and owing to the plaintiff. The Act of 1705, second section (1 Purdon 488), and the Act of 12th of March 1867 (2 Purdon 1395), are both founded on the fact of a tender, the former before suit brought, and the latter after suit and before trial. Under the terms of the Act of 1867, the tender must be of the admitted debt, and the costs already incurred. The same effect must necessarily be given to the Act of 1867, when the money is paid into court, as when it is paid in under the common-law practice, that is to say, that the payment is an act of record which admits the money to belong to the plaintiff, and therefore that the defendant cannot take it back.

In this case the rule for bringing the money into court shows that it was paid in under the Act of 1705, because it alleges that it is " the amount which the defendant admits to be due to the plaintiff, and tendered to plaintiff by defendant before suit brought." No costs were paid in along with the sum thus admitted. The case was referred to arbitrators, who reported an award for the plaintiff with costs, which imports a finding against the tender, for otherwise the award would have been for the defendant, the tender being a good plea in bar if sustained. The case, therefore, was left to rest simply on the payment of money into court, which put it out of the power of the defendant to take it back. We think that the court below erred in allowing the defendant to take out of court the excess of the sum paid into court above the sum of the award and the cost incurred up to the time of payment into court. This excess is $29.85.

The order of the court is therefore reversed, and it is now ordered that the defendant refund to the plaintiff the sum of $29.85, with interest from the date of the order, viz., December 15th 1875, and the record is directed to be remitted with instructions to carry this order into effect.