## Keller v. Federal Kemper Insurance Company

*Daniel J. Minniti,* for plaintiffs.
*William A. Addams,* for defendants.

BAYLEY, *J.,* February 4, 1985 — On February 17, 1983, plaintiffs filed a complaint in assumpsit against defendant Federal Kemper Insurance Company. The complaint sought payment for work loss benefits, survivor loss benefits, interest, attorney's fees, punitive damages, and delay damages on a claim arising under the Pennsylvania No-fault Motor Vehicle Act.[1]

On July 28, 1983, defendant filed a praecipe with the prothonotary and deposited $20,000 in escrow "for the use of the plaintiffs and payable to the plaintiffs absolutely and unconditionally." The $20,000 check payable to the Prothonotary of Cumberland County had the following notation thereon: "partial

---

1. Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq.

PIP benefits for Wesley Keller, Jr., deceased, wage loss and survivors benefits."

A jury found that plaintiffs were not dependent on their deceased son for support and returned a verdict in defendant's favor on the claim for survivors loss. The remaining testimony concerning the other issues was heard by the court sitting without a jury on the same day. On March 19, 1984, Judge George E. Hoffer entered the following order:

"And now, March 19, 1984, after hearing arguments on the non-jury request of the plaintiff for the claims for interest on the work loss benefits, attorneys' fees on the work loss, and attorneys' fees on the survivors' loss, and the defendant's claim for attorneys' fees, the court notes that in the jury portion of this case, the jury returned a verdict in defendant's favor on the claim for survivors' loss.

By stipulation of the parties, defendant is liable to plaintiff for the $15,000 work loss benefit; we note that defendant has already paid into court $20,000 on July 28, 1983."

After careful consideration, we find as follows:

"(1) in favor of the plaintiffs for the $15,000 work loss and $2,581.65 in interest, for a total verdict of $17,581.65; we note that plaintiffs have received the $20,000 paid into court, and no further sum is due the plaintiffs. This interest has been computed from Aug 11, 1982, to July 29, 1983, this being the date of notice to plaintiffs's counsel that $20,000 had been paid into court.

(2) in favor of the plaintiffs for $3,500, which we find to be fair and reasonable attorney's fees for prosecution of the work loss claim.

(3) in favor of the defendant on plaintiffs' claims for attorneys' fees for prosecution of the survivors' loss claims.

(4) in favor of the defendant on defendant's claim for attorneys' fees for defense of the survivors' loss claim, and we award $1,000 as fair and reasonable attorneys' fees."

Plaintiffs filed new trial motions with respect to both the jury's verdict and the court's verdict.[2] They claim that the $20,000 deposited by defendant in escrow with the prothonotary "absolutely and unconditionally" must be paid to them in satisfaction of their claim for work loss benefits and interest. They claim that the $20,000 became their money on the date it was deposited with the prothonotary and that they are entitled to that $20,000 plus the award of $3500 in attorney's fees upon the verdict of March 19, 1984.

Defendant maintains that the $20,000 deposited with the prothonotary on July 28, 1983 should be applied toward the total award in the March 19, 1984 order and verdict of $15,000 work loss benefits, $2581.65 interest and $3500 in attorney's fees for prosecution of the work loss claim.

Plaintiffs filed a praecipe to enter judgment in favor of plaintiffs' counsel, Daniel J. Menniti, Esq., for the $3500 award in counsel fees together with interest from March 19, 1984. Since Daniel J. Menniti, Esq., was not a party to this suit the prothonotary refused to enter judgment in his favor. Then, on November 8, 1984, plaintiffs filed a petition to amend the court order of March 19, 1984, to read that "the $3500 awarded by the court as reasonable attorney's fees are to be paid to Daniel J. Menniti, Esq., counsel for plaintiffs." A rule to show cause was entered and defendant has taken issue to this

---

2. These motions have been briefed and argued but not decided to date.

petition to amend. The matter has been argued before the court en banc and is ready for decision.

## DISCUSSION

Plaintiffs ask this court to amend its order of March 19, 1984 to specifically state that the $3,500 attorney's fee awarded therein "be paid to plaintiffs' attorney." Pa. R.C.P. 227.1(c)(2) provides that post trial motions shall be filed 10 days following the decision in a case of a trial without jury. Rule 227.1(a)(4) provides that the court may affirm, modify or change its decision upon a written motion for post trial relief filed by any party after trial. Since the reasons set forth in this petition were not included in the post trial motions filed with respect to the non-jury verdict entered on March 19, 1984, plaintiffs are precluded from obtaining post trial relief pursuant to Pa. R.C.P. 227.1(a)(4).

However, the relief sought is not necessary for plaintiffs to obtain their desired result. The $20,000 was deposited by defendant with the prothonotary "absolutely and unconditionally" and represented, as noted on the draft to the prothonotary, payment of partial PIP benefits for Wesley Keller, Jr. in the form of wage loss and survivor benefits.

The payment of money into court absolutely and unconditionally is an act of record which "[a]dmits the money to belong to plaintiff, and therefore defendant cannot take it back." Berkheimer v. Geise, 82 Pa. 64 (1876). The sum paid into court becomes the property of plaintiff. Sheehan v. Rosen, 12 Pa. Super. 298 (1899).

Money deposited with the court absolutely and unconditionally becomes the property of plaintiff even if he does not prevail and even if a judgment entered in his favor is later reversed. Cohen v.

Jenkintown Cab Co., 300 Pa. Super. 528, 446 A.2d 1284, 528 (1982). See Baldwin Township School District v. Pittsburgh Terminal Coal Corp., 328 Pa. 17, 194 Atl. 900 (1937).

"Money paid into court becomes the absolute property of the other party, Baldwin Township School District v. Pittsburgh Terminal Coal Corporation, 328 Pa. 17, 18-19 [194 A. 900] (1937), and the tenderer cannot ordinarily withdraw it or recover any part of it, even if he eventually prevails in the action. 15 Standard Pennsylvania Practice, Ch. 74, §24. Berkheimer v. Geise, 82 Pa. 64, 67 (1876); Haug, et ux. v. Old Guard Mutual Insurance, 4 D. & C. 2d 436, 441-2 (1955); see also; 35 A.L.R. 1252; 74 Am. Jur. 2d Tender, §31; 86 C.J.S. Tender, §65.

Section 107(3) of the Pennsylvania No-fault Act, 40 P.S. §1009.107(3) provides:

"If, in any action by a claimant to recover *no-fault benefits* from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended." (Emphasis added.)

Judge Hoffer's order and verdict of March 19, 1984 awarded work loss benefits to plaintiffs in the amount of $15,000 plus $2581.65 in interest calculated to the date the escrow fund had been deposited by defendant with the prothonotary. In addition the order awarded "the plaintiffs" $3,500 in counsel fees "for prosecution of the work loss claim."

The $20,000 paid into court absolutely and unconditionally was for partial payment of PIP benefits, i.e., work loss and survivors loss. Those are the "benefits" referred to in §107(3) of the No-fault Act. If these benefits are denied without reasonable foundation an additional award of counsel fees may

be made to the claimant. Accordingly, counsel fees are not PIP benefits.

An award of counsel fees to plaintiffs' attorney was made as part of plaintiffs' action seeking recovery of PIP benefits. If the verdict of March 19, 1984 is sustained, plaintiffs may enter judgment for the amount of the verdict, interest and counsel fees. The prothonotary was correct in refusing to enter a judgment in favor of plaintiffs' attorney who was not a party to the action since any judgment on the court's verdict flows to plaintiffs. Any judgment ultimately obtained against the defendant may be satisfied pursuant to § 107(3) of the No-fault Act, by payment of the counsel fee portion directly to plaintiffs' attorney. Since $20,000, was unconditionally and absolutely escrowed of record as a partial payment for PIP benefits, that portion of any judgment for work loss and interest thereon is covered by this fund and the plaintiffs are entitled to the excess. Cohen v. Jenkintown Cab Co., supra.

The jury's verdict in this case denied survivor loss benefits to plaintiffs. If plaintiffs had been successful in obtaining survivor loss benefits, or should they prevail on their post trial motions of any subsequent appeal of the jury's verdict, the difference between $17,581.65, representing the verdict and interest on the work loss judgment, and the $20,000 payment into court, would amount as a set off toward that recovery. [3] As of now the court's verdict and order of March 19, 1984 requires plaintiffs to pay to defendant the sum of $1000 for defendant's defense of the survivors loss claim. If that verdict should be overturned and if counsel fees are ulti-

---

3. Assuming, at this point, that any final award for work loss and interest, following the decision on plaintiffs post trial motions, and any appeal therefore, does not exceed $20,000.

mately awarded to plaintiffs upon any successful prosecution of the survivors loss claim, those counsel fees may not be set off by the $20,000 escrow sum for the same reason that the counsel fees awarded to the plaintiffs on the work loss claim may not be set off.

For the reasons set forth above, we will enter an order denying plaintiffs' petition to amend the court order of March 19, 1984.

## ORDER OF COURT

And now, this February 4, 1985, plaintiffs' petition to amend this court's order of March 19, 1984 is denied. Any final judgment ultimately entered in this case may be satisfied in a manner consistent with the opinion filed in support of this order.